## Ríos v. Ríos.

### Appeal from the District Court of Humacao.

No. 385.—Decided June 4, 1909.

Appealable Orders—Order Refusing Approval of a Statement of Facts.—
An order refusing approval of a statement of facts is appealable under the
provisions of section 295 of the Code of Civil Procedure, being a special order
made after a final judgment, and it cannot be reviewed on appeal taken from
the same judgment; and rule 64 of the Rules of this court does not grant
an exclusive remedy which prevents an appeal, if it should so suit the ag-
grieved party.

New Trials—Specifications of Errors—Specification of Insufficiency of
Evidence.—The word "specification," employed in the English text of para-
graph three of section 223 of the Code of Civil Procedure, includes not only
the specification of errors, but also the specification of the particulars in
which the evidence is alleged to be insufficient.

English Text—Spanish Text.—The English text being the original in this case,
it must prevail over the Spanish, and we must conform thereto.

Statement of Facts—New Trial—Absence of Specification of Insufficiency
of the Evidence.—A statement of facts for a new hearing on the ground of
insufficiency of the evidence, which fails to specify the particulars in which
said insufficiency consists, should be disregarded.

The facts are stated in the opinion.

*Mr. Vías Ochoteco* for appellant.

*Mr. Díaz Navarro* for respondent.

Mr. Chief Justice Hernández delivered the opinion of
the court.

A judgment having been rendered by the District Court of
Humacao under date of June 29 of last year in proceedings
prosecuted by Petronila Patricia Ríos and José Toro Ríos
against María Ríos, the widow of Rubio, for the recovery of a
sum of money and damages, the defendant, through her at-
torney, Juan F. Vías, notified the secretary of said court in
writing on the following 8th of July of his intention to move
for a new trial on the grounds set forth in subdivisions three,
four and five of section 221 of the Code of Civil Procedure,
stating that the motion which he would file in due time to this
end would be based on affidavits and a statement of facts.

The record contains two affidavits, one of them by María Ríos, the widow of Rubio, and the other by her attorney, Juan F. Vías, presented on the 15th of said month of July, and with reference to the statement of facts and the petition of the adverse party asking that it be overruled, we have no other knowledge than that which the order of the Humacao court of January 15 of the current year gives us, which order reads as follows:

"On December 28, 1908, Attorneys Herminio Díaz Navarro and M. Tous Soto appeared, the former on behalf of the plaintiffs, Petronila Patricia Ríos *et al.*, and the latter on behalf of María Ríos, the former reading a motion to the court praying that the statement of facts presented by the defendant should be disapproved, and on this date the court, after having heard the motion and the arguments of counsel, reserved decision.

"The statement of facts was filed with the secretary on November 20, 1908, but it has not been proved that notice was served on the adverse party, and the term for making amendments has passed. The notice of the intention of the defendant to move for a new trial was filed with the secretary of July 8, 1908, and reads as follows: 'To the secretary of the court: The defendant, through her attorney, Juan F. Vías Ochoteco, informs the honorable secretary of the District Court of Humacao of her intention to move for a new trial on the grounds provided in subdivisions three and five of section 221 of the Code of Civil Procedure, inasmuch as there is newly discovered evidence which could not be presented at the trial, notwithstanding the reasonable diligence of counsel for the defense, and furthermore on the ground that the judgment was contrary to the law, and states that the motion which will be filed in due time to this end will be based on affidavits and a statement of facts.'

"The third subdivision of section 223 of the Code of Civil Procedure requires that 'when the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the judgment, or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient.' (See the jurisprudence under sections 657 and 659, Pomeroy Civil Codes of California annotated.)

"The draft in this case does not contain the essential requisites as explained above, and its approval as a statement of facts to be used in the motion for a new trial is denied.

"Done in Humacao under my signature this 15th day of January, 1909. Charles E. Foote, Judge of the District Court."

An appeal was taken from this order on the 27th of said month of January by María Ríos, the widow of Rubio, and it is the subject hereof; and it is to be noted that under date of the following February 4, the appellant filed a motion in the lower court for the allowance of a reasonable period of time for the purpose of presenting and serving notice thereof on the opposing party of a statement supplementary to the statement of facts already formulated as a basis for the motion for a new trial; this motion was opposed by the respondent on the ground that the order of January 15 aforementioned having been appealed from, the court lacked jurisdiction to take cognizance of anything pertaining to such order, and the motion was dismissed by order of February 10.

In his brief to this court, the appellant invokes as the ground of his appeal the violation, owing to improper application, of the provisions of the third subdivision of section 233 of the Code of Civil Procedure, and to this end he alleges that said subdivision establishes two different rules, one to apply if the motion for a new trial is based on errors in law, and the other to apply in the event that it is based on the insufficiency of the evidence, the law providing that in the former case the statement should be dismissed if a specification of errors be not made, but it does not establish the same requirement in the latter case when the particulars in which the insufficiency of the evidence is alleged to consist are not specified.

The respondent, without filing a brief, contested the grounds of the appeal at the hearing, maintaining further that the order appealed from was not appealable, because the appellant should have observed rule 64 of the Rules of the Supreme Court in the defense of his right.

In the case of Petronila Patricia Ríos *et al.,* decided on May 19 last, in which similar questions of law were submitted to our consideration, we held that an order similar to that

from which an appeal has now been taken, is appealable under the provisions of section 295 of the Code of Civil Procedure, being a special order made after a final judgment and that it could not be reviewed on an appeal taken from the judgment; it was further established that rule 64 of the rules of the Supreme Court does not grant an exclusive remedy which presents an appeal, if it should so suit the aggrieved party.

In order to avoid repetitions we refer to the reasons set forth in that opinion.

Entering now upon consideration of the appeal on its merits, we are of the opinion that the violation of law on which it is based has not been committed, and we invoke the same reasoning employed in the opinion to which we have referred, and which we now reiterate.

In support of this reasoning it appears to us advisable to state that the Spanish text of subdivision three of section 223 of the Code of Civil Procedure, contains three paragraphs while the English text contains one only, and this difference may have been responsible for the contention of the appellant who invokes the Spanish text which he appears to have had before him.

In support of the foregoing we here transcribe the Spanish and English texts.

The Spanish text reads as follows:

"When the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the judgment or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates as the ground of the motion errors in law, occurring at the trial and excepted to by the moving party, or deemed excepted to, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded on the hearing of the motion."

But another notable matter is observed, and that is that while the Spanish text provided that if no such *specification* be made, the statement shall be disregarded on the hearing of

the motion, the English text provided that if no such *specifications* be made, the statement shall be disregarded on the hearing of the motion.

The word "specifications" includes not only the specification of errors, but also the specification of the particulars in which the evidence is alleged to be insufficient.

The English text, being the original text in this case, must prevail over the Spanish text and we must conform thereto.

Nor can the appellant complain that he was not afforded an opportunity to amend or supplement the statement of facts, because as a matter of fact he did have such opportunity and filed a motion for leave to present a supplementary statement of facts when he had already taken an appeal from the order which disregarded the statement, which leave was denied him by order of February 10, and it does not appear that he took an appeal therefrom.

For the reasons stated, we think that the order of January 15 last should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.